*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                                                      Case No.:
    **Gloria F. Saddler**                                                              Chapter 13
                    Debtor(s)

## CHAPTER 13 PLAN

*Check one.* This plan is:
- [✓] Original
- [ ] Amended *(Identify First, Second, Third, etc.)*
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed:   **December 29, 2019**

---

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | [✓] Included | [ ] Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | [ ] Included | [✓] Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | [✓] Included | [ ] Not Included |

---

### PART 2: PLAN LENGTH AND PAYMENTS

**A.   LENGTH OF PLAN:**

- [ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- [✓] 60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: Debtor can not afford payment over 36 Months

---

**B. PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 694.00 | 60 |

**C. ADDITIONAL PAYMENTS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**     **$41,640.00**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:     318 Jencks Street
The Debtor(s) estimates that the fair market value of the Principal Residence is: $     230,958.00

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | | Amount of Arrears |
|---|---|---|---|
| Home Point Financial Corporation | Mortgage | 318 Jencks Street Fall River, MA 02723 Bristol County | $6,590.11 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $
**$6,590.11**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral *(or address of real property)* | Amount of Arrears |
|---|---|---|---|
| | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $6,590.11**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **Home Point Financial Corporation** | **Mortgage** | **318 Jencks Street Fall River, MA 02723 Bristol County** |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☑ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☐ **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of this Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.*

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|
| Rockland FCU | 2016 Mercedes GLA 52,000 miles NADA Trade In Average Trade In $16,625.00 Clean retail NADA 12/05/19: $20,700.00 | $20,700.00 | $0.00 | 4.59% current interest rate | $25,450.65 |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan: $25,450.65**

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☑ **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☑ **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

A.  **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B.  **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Commonwealth of Massachusetts | | $2,933.26 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $2,933.26**

C.  **ADMINISTRATIVE EXPENSES:**

   **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| ANDRE' D. SUMMERS | $693.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   **(2) OTHER** *(Describe)***:**

| -NONE- |
|---|

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $693.00**

   **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |
|---|---|

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $**1,792.01** which the Debtor(s) estimates will provide a dividend of **1**%.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than __**0**__ % of its allowed claim.

**A.    GENERAL UNSECURED CLAIMS:**                                                                                        $**22,647.46**

**B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Rockland FCU | 2016 Mercedes GLA 53,596 miles NADA Trade In Average Trade In $16,625.00<br>Clean retail $20,700.00 | $3,210.54 |

**C.    NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*)**:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Department of Education/Nelnet** | **Educational** | $27,538.00 |
| **Department of Education/Nelnet** | **Educational** | $22,665.00 |
| **Department of Education/Nelnet** | **Educational** | $15,404.00 |
| **Department of Education/Nelnet** | **Educational** | $14,740.00 |
| **Department of Education/Nelnet** | **Educational** | $11,772.00 |
| **Department of Education/Nelnet** | **Educational** | $10,300.00 |
| **Department of Education/Nelnet** | **Educational** | $10,101.00 |
| **Department of Education/Nelnet** | **Educational** | $10,084.00 |
| **Department of Education/Nelnet** | **Educational** | $7,350.00 |
| **Department of Education/Nelnet** | **Educational** | $6,928.00 |
| **Department of Education/Nelnet** | **Educational** | $5,575.00 |
| **Department of Education/Nelnet** | **Educational** | $5,465.00 |
| **Department of Education/Nelnet** | **Educational** | $3,376.00 |
| **Department of Education/Nelnet** | **Educational** | $2,750.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
| **US Dept of Education** | **Educational** | $0.00 |
|  | TOTAL | 154,048.00 |

**D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | |

**E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]: $179,906.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$1,799.06**

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*)**:**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| **-NONE-** | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

## PART 6:                    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one*.

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

1. The inclusion of claims in this plan is not an admission as to amount of claim. The debtor reserves the right to object to any proof of claim.

2. The Mortgagee, Home Point Financial shall continue to send statements in the ordinary course to the debtor.

3. Rockland Federal Credit Union is being crammed down per 910 Rule, The vehicle was purchased on February 27, 2016 and the current pay off is $23,910.54 at 4.59%. The NADA Clean retail value is $20,850.00. Interest is provided at 4.59% Payment shall be over the life of the Plan 60 Months.

4. Administrative claims payable to Summers Law office and AnDre' D. Summers shall be payable over 12 months, subject to the provisions of Part 4.C.1

5. Application of payments. Servicers of loans secured by estate property may provisionally account for payments received from the Trustee and directly from the Debtor(s) in any reasonable way during the case, *provided that, u*pon completion, dismissal, or conversion of the case, the servicer's accounts are adjusted to (a) apply Trustee payments first to monthly payments that were delinquent on the petition date and itemized in the allowed claim and thereafter to other claimed arrearages, and (b) apply direct Debtor payments to post-petition obligations in accordance with the mortgage.

6. Treatment of escrow deficiency. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as the terms "deficiency" and "escrow account" are defined in 24 C.F.R. § 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage. Such servicer may nonetheless state the amount of any alleged deficiency in any escrow account statement furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. § 362(a).

7. Direct payments deemed timely made. Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.

8 Presumptively non-dischargeable debts. Debts listed in part 5.C are listed without prejudice to the Debtor's right to seek discharge by an appropriate action or motion.

| PART 9: | SIGNATURES |
|---|---|

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ Gloria F. Saddler**                              **December 28, 2019**
**Gloria F. Saddler**                                  Date
Debtor


_____                                _____
Debtor                                                 Date


**/s/ AnDre' D. Summers**                  Date    **December  28, 2019**
Signature of attorney for Debtor(s)
**AnDre' D. Summers 551618
551618 MA
Summers Law Office
PO Box 306
Franklin
Franklin, MA 02038
508-528-8444
Summerslaw@hotmail.com**

The following Exhibits are filed with this Plan:
- [✓] **Exhibit 1: Calculation of Plan Payment***
- [✓] Exhibit 2: Liquidation Analysis*
- [ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
- [ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 9

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$32,040.76** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **2,933.26** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **693.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$1,799.06** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$37,466.08** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$41,628.98** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$693.82** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $**694.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following***:**

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

## A. REAL PROPERTY

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **318 Jencks Street Fall River, MA 02723  Bristol County** | 230,958.00 | 151,514.00 | 79,444.00 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | $ 230,958.00 |
| **Total Net Equity for Real Property** (*Value Less Liens*): | $ 79,444.00 |
| **Less Total Exemptions for Real Property** (*Sch. C*): | $ 79,444.00 |
| **Amount Real Property Available in Chapter 7:** | $ 0.00 |

## B. MOTOR VEHICLES

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **2016 Mercedes GLA 52,000 miles**<br>**NADA Trade In Average Trade In $16,625.00**<br>**Clean retail $20,700.00** | 16,625.00 | 24,540.00 | 0.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | $ 16,625.00 |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | $ 0.00 |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | $ 0.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | $ 0.00 |

## C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **Household Goods** | 5,000.00 | 0.00 | 5,000.00 |
| **Clothing** | 1,000.00 | 0.00 | 1,000.00 |
| **Jewelry** | 500.00 | 0.00 | 500.00 |
| **Dogs (3):**<br>**Layla**<br>**Charly**<br>**Joey** | 0.00 | 0.00 | 0.00 |
| **Cash** | 50.00 | 0.00 | 50.00 |
| **Quincy Bank** | 3.00 | 3.00 | 3.00 |
| **Saint Ann's Credit Union** | 300.00 | 0.00 | 300.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | $ 7,550.00 |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | $ 7,550.00 |
| **Less Total Exemptions for All Other Assets**: | $ 7,550.00 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 0.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ 0.00 |

## E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy