**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

In re:
    SADDLER, Gloria F.                                Chapter 13
    SS# xxx xx 0869                              Case # 19-14139-MSH
                  Debtor(s)

_____

**ORDER CONFIRMING CHAPTER 13 PLAN**

      The Debtor(s) filed a Chapter 13 Plan on <u>June 21, 2020</u>, (the "Plan"). The Debtor(s) filed a Certificate of Service and Affidavit of Service on <u>June 21, 2020</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1.    The Plan is confirmed.  The term of the Plan is <u>60</u> months.

2.    The Plan payments are:

    <u>$348.33</u> per month for <u>6</u> months

    <u>$675.00</u> per month for <u>54</u> months

3.    Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to <u>Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.</u>

4.    The effective date of confirmation of the Plan is <u>January 1, 2020</u>.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference.  Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5.    Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary.  All property of the estate shall remain within the exclusive jurisdiction of this Court.  The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court.  The Debtor(s) shall be responsible for preserving and protecting property of the estate.

6.    The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case.  The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be

EAM

available to increase the dividend to creditors.  The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

_____
United States Bankruptcy Judge

Dated: September 03, 2020

EAM

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

In re:
    SADDLER, Gloria F.　　　　　　　　　　Chapter 13
    SS# xxx xx 0869　　　　　　　　　　　　Case # 19-14139-MSH
                  Debtor(s)

_____

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

**1.**     **Unmodified Secured Claims**

    a.) <u>Home Point Financial Corporation</u> is retaining its lien against 318 Jencks Street, Fall River, MA. The Debtor shall continue to make regular monthly payments in accordance with the contract with Home Point Financial Corporation. Home Point Financial Corporation shall be paid its prepetition arrears in the sum of <u>$6,628.88</u> over <u>60</u> months in the sum of <u>$110.48</u> per month.
_____

**2.**     **Modified Secured Claims**

    a.) <u>Rockland Federal Credit Union</u> is retaining its lien on the 2016 Mercedes GLA. Rockland Federal Credit Union will be paid its secured claim in the sum of <u>$25,450.65</u>, which includes interest in the amount of 4.59%, over <u>60</u> months in the sum of <u>$424.18</u> per month. The balance of the claim will be treated as a general unsecured claim.
_____

**3.**     **Liens Avoided under 11 U.S.C. § 522(f)**

    NONE
_____

**4.**     **Surrender of Collateral**

    NONE
_____

**5.**     **Priority Claims**

    NONE
_____

**6.**     **Administrative Expenses**

    AnDre Summers, Esq. will be paid attorney's fees in the sum of <u>$693.00</u> over <u>12</u> months.
_____

EAM

7. **Unsecured Claims**

The Debtor's Plan is a "pot" Plan and proposes to pay the general unsecured creditors that have allowed claims a pro rata share of $1,867.36.[1]

---

8. **Executory Contracts**

NONE

---

9. **Vesting of Property of the Estate**

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge. If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

---

10. **Nonstandard Provisions**

See Part 8 of the Plan

---

[1] The general unsecured claims include the unsecured claim of Rockland Federal Credit Union in the sum of $3,210.54. Nondischargeable student loan claims listed in the plan will not receive a distribution under the plan because no proofs of claim were filed for those claims, see MLBR 13-13(a), including the Department of Education/Nelnet claims in the sums of $27,538.00, $22,665.00, $15,404.00, $14,740.00, $11,772.00, $10,300.00, $10,101.00, $10,084.00, $7,350.00, $6,928.00, $5,575.00, $5,465.00, $3,376.00, $2,750.00, and the US Department of Education claims in the aggregate sum of $0.00.